1   KEVIN M. JUDISCAK, SBA #012764
    SCOTT W. HULBERT, SBA #021830
2   **ENGELMAN BERGER, P.C.**
    3636 NORTH CENTRAL AVENUE, SUITE 700
3   PHOENIX, ARIZONA 85012

4   Ph: (602) 271-9090
    Fax: (602) 222-4999
    Email: kmj@engelmanberger.com
5   swh@engelmanberger.com

6   Attorneys for Plaintiff Hillcrest Bank

7                   **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF ARIZONA**

9   PAUL VAN WEELDEN AND KAREN          Case No. 2:10-at-99908
    VAN WEELDEN, husband and wife;
10  PAUL VAN WEELDEN, as Trustee for    **DEFENDANT'S NOTICE OF**
    THE VAN WEELDEN FAMILY TRUST,       **REMOVAL**
11
                  Plaintiff,            **Removed Case:**
12                                      Maricopa County Superior Case
          v.                            No. CV2010-000896
13
    HILLCREST BANK, a Kansas
14  corporation,

15                Defendant.

16        Hillcrest Bank ("Hillcrest"), the Defendant in the above-captioned lawsuit filed in the

17  Superior Court of the State of Arizona, In and For the County of Maricopa ("Superior Court")

18  Case No. CV2010-000896 (the "Removed Case"), hereby gives notice pursuant to 28 U.S.C.

19  §§1441(a) and 1446(a) and L.R. Civ. 3.7 of the removal of all proceedings in the Removed

20  Case to the United States District Court for the District of Arizona.

21                        **BASIS FOR REMOVAL**

22  **I.    SUMMARY.**

23        This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.  Plaintiffs all are

24  citizens of California, and Hillcrest is a citizen of Kansas.  The *First Amended Complaint*

25  seeks damages against Hillcrest in the principal amount of $650,000.

26        Hillcrest timely filed this Notice of Removal pursuant to 28 U.S.C. §1446(a).  The

27  initial Complaint filed by the Plaintiffs on January 8, 2010, which sought only temporary

{02329.003/00186295.DOC /}

1    injunctive relief and did not identify the citizenship of the Plaintiffs, was not removable.  *See*

2    *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692, 694 (9th Cir. 2005) (case is not

3    removable if the initial pleading does not affirmatively reveal on its face the facts necessary

4    for federal court jurisdiction).   This case first became removable, at the earliest, upon the

5    entry of the Superior Court's August 6, 2010 Order granting Plaintiffs leave to file the *First*

6    *Amended Complaint*.  Hillcrest filed this Notice of Removal within 30 days of the entry of

7    said Order, as permitted by 28 U.S.C. §1446(b).

8    **II.    PROCEDURAL BACKGROUND.**

9           **A.    The Original Complaint.**

10          Plaintiffs  Paul  Van  Weelden  and  Karen  Van  Weelden  (collectively,  the  "Van

11   Weeldens")  and  The  Van  Weelden  Family  Trust  (the  "VW  Trust")  filed  their  *Verified*

12   *Complaint* (the "Original Complaint") commencing the Removed Action on January 8, 2010.

13   The sole relief sought in the Original Complaint was the entry of temporary injunctive relief

14   prohibiting Hillcrest from foreclosing its first position deed of trust on certain real property

15   within a subdivision owned by the non-party developer, Quintero Golf and Country Club,

16   LLC ("Quintero").

17          Plaintiffs  alleged  that  the  VW  Trust  had  purchased  a  lot  within  the  Quintero

18   subdivision and that "[i]f the sale proceeds, common area property will be sold and thereby

19   strip the Van Weeldens of property interests they have in the commonly owned property."

20   *Verified Complaint* at p.3, ¶9; p.7, ¶27.  Plaintiffs also alleged that they previously had sued

21   Quintero in Maricopa County Superior Court, filed a complaint with the Arizona Department

22   of Real Estate for revocation of the subdivision public report, and filed a complaint with the

23   Kansas State Bank Commissioner requesting that it investigate Hillcrest's loan to Quintero.

24   *Id*. at pp.6-8, ¶¶22-29.  Plaintiffs prayed for a temporary restraining order and preliminary

25   injunction prohibiting Hillcrest from completing its noticed trustee's sale pending the

26   outcome of these actions.  *Id*. at pp.8-9. (Plaintiffs did not pray for a permanent injunction.)

27

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00186295.DOC /}

2

The Original Complaint did <u>not</u> state the citizenship of any of the Plaintiffs. The Original Complaint did not seek any monetary damages. The Original Complaint did not make any allegations concerning the pecuniary value of the requested injunctive relief to the Plaintiffs, and Plaintiffs asserted that "any potential harm to Defendant is minimal," in their Motion for Preliminary Injunction. The trial court granted Plaintiffs' request for a temporary restraining order, and set the bond at one thousand dollars. The temporary restraining order expired ten days later, and Plaintiffs did not prosecute their request for a preliminary injunction.

### B.    The First Amended Complaint.

One month following the expiration of the Court-ordered deadline to seek leave to amend the pleadings, Hillcrest filed a Motion to Dismiss Plaintiffs' Original Complaint because it failed to state a claim upon which relief could be granted. The Plaintiffs conceded the deficiency of the Original Complaint, and sought leave to file an amended complaint. By Order dated August 6, 2010, the Superior Court granted Plaintiffs' motion for leave to file a *First Amended Complaint* (the "Amended Complaint").[1]

In contrast to the Original Complaint, the Amended Complaint seeks (for the first time) monetary relief against Hillcrest. Plaintiffs' Amended Complaint prays for monetary damages in the principal amount of $650,000. The Amended Complaint includes a new request for interim injunctive relief for a substantially longer duration. Also in contrast to the 34-allegation Original Complaint, which did not allege any causes of action against Hillcrest, the 162-allegation Amended Complaint includes (for the first time) counts for "Civil Conspiracy," "Aiding and Abetting Negligence," "Aiding and Abetting Fraudulent Misrepresentation," and "Intentional Interference with Contract."

Hillcrest filed this Notice of Removal within 30 days of the August 11, 2010 entry of the August 6 Order granting Plaintiffs leave to file the Amended Complaint.

---

[1]    A redlined version of the Amended Complaint was attached to the Plaintiffs' motion to amend. Plaintiffs have <u>not</u> yet filed or served the Amended Complaint.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

## III.   THIS COURT HAS DIVERSITY JURISDICTION.

Pursuant to 28 U.S.C. §1332(a)(1), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Following the Amended Complaint, this case satisfies both complete diversity of citizenship and amount in controversy requirements of §1332(a)(1). Thus, this Court has jurisdiction over the Amended Complaint.

### A.   There Is Complete Diversity Of Citizenship.

"For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). "A trust has the citizenship of its trustee or trustees," *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), and individuals are citizens of the state where they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

At the time this lawsuit was commenced and presently, Hillcrest was and is a citizen of Kansas, which is both the State of its incorporation and its principal place of business. Kansas is the location of its corporate headquarters, and the place where it conducts the majority of its business. *See* FDIC Record For Hillcrest Bank, attached hereto as **Exhibit "A."**

At the time this lawsuit was commenced and presently, Plaintiffs were and are citizens of California. Neither the Original Complaint nor the Amended Complaint allege the citizenship of the Van Weeldens or the VW Trust. However, Hillcrest has discovered that all of the Plaintiffs are citizens of California. Paul Van Weelden has an active real estate broker's license from the California Department of Real Estate, which lists his main office address as "6687 Whitley Terrace Los Angeles, CA 90068." Karen Van Weelden holds an expired real estate broker's license from the California Department of Real Estate, which lists the same address in California as her main office address. *See* Records of California

Department of Real Estate, attached hereto as **Exhibit "B."**  The records of the Los Angeles County Tax Assessor indicate that the Van Weeldens are the owners and occupants of the Whitley Terrace property.  *See* Records of Los Angeles County Tax Assessor (retrieved through Westlaw PeopleMap service), attached hereto as **Exhibit "C."**

Finally, the Van Weeldens executed a document entitled "Trust Certification," which states that the Van Weeldens are the co-trustees of the VW Trust.  A true and correct copy of the Trust Certification is attached hereto as **Exhibit "D."**[2]  Because the Van Weeldens are California citizens, the VW Trust is also a citizen of California.  *See Johnson*, 437 F.3d at 899.

Accordingly, there is complete diversity of citizenship.

**B.     The Amount In Controversy Exceeds $75,000.**

The Amended Complaint now seeks monetary damages against Hillcrest.  Counts II, III, IV and V of the Amended Complaint seek damages in the principal amount of $650,000. Also, the Amended Complaint now seeks injunctive relief of an extended duration.  Thus, the amount in controversy now is no less than $650,000, which exceeds the jurisdictional minimum of §1332(a)(1).

**IV.   HILLCREST TIMELY FILED ITS NOTICE OF REMOVAL.**

Under 28 U.S.C. §1441(a), a defendant may remove a case over which the federal courts have original jurisdiction "to the district court of the United States for the district and division embracing the place where such action is pending."  The procedures for removal, including the deadlines for filing a notice of removal, are specified in 28 U.S.C. §1446.

This Notice of Removal is timely filed under 28 U.S.C. §1446(b).  That statute provides two time periods for filing a notice of removal.  The first paragraph applies only where the initial pleading states a removable case on its face, and requires the filing of a notice of removal within 30 days from service of the initial pleading.  The second paragraph

---

[2]     The Trust Certification was attached to a Warranty Deed recorded in the Office of the Maricopa County Recorder at Instrument No. 2005-1222739.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00186295.DOC /}

5

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

provides that if the initial complaint is not removable, then a notice of removal must be filed "within thirty days after receipt … of a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable." *Harris*, 425 F.3d at 692 (explaining distinction between the two paragraphs of §1446(b)).

Because the Original Complaint in this case was not removable, the second paragraph of §1446(b) governs the timeliness of Hillcrest's Notice of Removal. Yet, even if one were to assume that the Original Complaint *was* removable, the Notice of Removal is still timely in that the Amended Complaint – with its four new counts, 128 new allegations, and first-time prayer for monetary damages – so substantially altered the nature of the case as to constitute a new lawsuit. *See Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (recognizing the "revival exception" to 30-day requirement of §1446(b)). Thus, in either situation, the 30-day period for filing a notice of removal did not begin to run until the entry of the August 6, 2010 Order granting the Plaintiffs' motion for leave to file the Amended Complaint.

**A.    The Original Complaint Was Not Removable.**

Because this case involves only state law claims, there is no basis for federal jurisdiction other than the diversity of citizenship grounds of 28 U.S.C. §1332(a)(1). As set forth above, diversity jurisdiction requires <u>both</u> complete diversity of citizenship and satisfaction of the amount in controversy requirement. In this case, the Original Complaint failed to satisfy both requirements. It failed to satisfy the amount in controversy requirement. It also was not plainly apparent from the face of the Original Complaint whether the diversity of citizenship requirement was satisfied. Thus, the Original Complaint was not removable.

**1.    The Original Complaint Did Not Plead The Citizenship of The Plaintiffs.**

First, the Original Complaint was not removable because it did not allege the citizenship of the Plaintiffs. Under Ninth Circuit law, removability is determined "from the face of the initial pleading," not by a defendant's knowledge, constructive or otherwise, of the requisite jurisdictional facts. *Harris*, 425 F.3d at 690.

In *Harris*, the Ninth Circuit noted that there are three possible removal scenarios in a diversity case:

> 1) the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint, i.e., complete diversity of citizenship;
>
> 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint, i.e., lack of complete diversity; or
>
> 3) it is unclear from the complaint whether the case is removable, **i.e., the citizenship of the parties is unstated** or ambiguous (sometimes referred to as an "indeterminate" pleading).

*Id.* at 692-93 (emphasis added).

The court concluded that upon receipt of an indeterminate pleading (scenario 3) the defendant does not bear the burden to investigate the necessary jurisdictional facts. Rather, *"notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."* *Id.* at 694 (emphasis added). "If no ground for removal is evident in that pleading, the case is "not removable" at that stage." *Id.* The court reasoned that if it interpreted the first paragraph of §1446(b) to apply to all initial pleadings unless they clearly revealed that the case was not removable (scenario 2), "defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days of receiving the initial pleading." *Id.* Thus, if the basis for federal jurisdiction is not plainly stated within the four corners of the initial pleading, the 30-day deadline for filing a notice of removal described in the first paragraph of §1446(b) will not begin to run. *Id.*

In *Harris*, "[t]he initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint." 425 at 695. "Thus, the case was not removable on the basis of the initial pleading." *Id.* at 696. Here, the Original Complaint did not state Plaintiffs' residency or Plaintiffs' citizenship, at all. Thus, the Original Complaint was not removable.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1

2

## 2.   The Original Complaint Did Not Plead a Controversy Satisfying the Diversity Jurisdiction Requirement.

The Original Complaint also was not removable because it did not satisfy the $75,000 jurisdictional requirement.   In the Ninth Circuit, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."   *In re Ford Motor Co./Citibank (S. Dakota), N.A.,* 264 F.3d 952, 958 (9th Cir. 2001).   The Original Complaint did not seek any monetary damages against Hillcrest.   Rather, it sought only to temporarily enjoin Hillcrest from completing its trustee's sale pending the outcome of the various other actions initiated by the Plaintiffs.[3]   The Original Complaint did not allege any facts concerning the pecuniary value of such an injunction to the Plaintiffs. Furthermore, Plaintiffs' concurrently-filed motion for preliminary injunction asserted that "any potential harm to Defendant is minimal."   Likewise, at Defendants' urging, the trial court set the temporary restraining order bond at one thousand dollars.   (The temporary restraining order expired ten days later, and Plaintiffs did not prosecute their request for a preliminary injunction.)   Thus, the Original Complaint did not satisfy the amount in controversy requirement of §1332(a), and the Original Complaint was not removable.[4]

## B.   Hillcrest Timely Removed The Case Within 30 Days Of The Order Granting Leave To File The First Amended Complaint.

Citing 28 U.S.C. §1446(b), the Ninth Circuit explained that where the initial complaint does not affirmatively reveal grounds for removal, "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."

---

[3] Those other actions have since been completed.

[4] In addition, Plaintiffs' request for injunctive relief was legally deficient on its face because the Original Complaint failed to assert any underlying cause of action. *See Camp v. Board of Supervisors*, 123 Cal.App.3d 334, 355-356 (1981) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."); *Klay v. United Health Group, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract.   For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim).").

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00186295.DOC /}

1   *Harris*, 425 F.3d at 964.  The majority of courts interpreting §1446(b) have held that "the
2   removal clock begins to run when the state court grants plaintiff's motion to amend to state a
3   federal claim." *Lucente S.P.A. v. Apik Jewelry, Inc.*, 2007 WL 7200038 at *3 (C.D. Cal.
4   2007) (citing cases); *see also Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)
5   ("[u]ntil the state judge granted the motion to amend, there was no basis for removal. Until
6   then, the complaint did not state a federal claim").  Other courts have applied an even stricter
7   interpretation, and have "required that the amended complaint actually be filed before the
8   removal clock is triggered." *Lucente* at *4 (citing cases).  Finally, at least one court has
9   required that the amended complaint actually be served before the 30-day removal period
10  starts running. *Miller v. Stauffer Chem. Co.*, 527 F. Supp. 775, 777 (D. Kan. 1981).

In this case, the Superior Court's Order granting Plaintiffs' motion for leave to file the
Amended Complaint was entered on August 11, 2010.  That was the earliest date that the 30-
day period of §1446(b) could have started running.  Hillcrest filed this Notice of Removal
within 30 days of said Order.  Thus, this Notice of Removal is timely.

### C.   The Order Granting Leave To File The Amended Complaint Revived Hillcrest's Right To Seek Removal.

Even if the original Complaint were considered to have been removable thus triggering
the 30-day period of the *first* paragraph of §1446(b), this Notice of Removal nonetheless
would be timely.  Under the "revival exception" to the 30-day requirement, "a lapsed right to
remove an initially removable case within thirty days is restored when the complaint is
amended so substantially as to alter the character of the action and constitute essentially a new
lawsuit." *Johnson*, 227 F.3d at 241 ("The exception seems quite appropriate since a
willingness on the part of the defendant to remain in a state court to litigate a particular claim
should not be interpreted as a willingness on his part to remain in state court to adjudicate a
completely different claim.").

In *Johnson*, the plaintiffs originally sued the defendants for conversion, alleging that
defendants had wrongfully taken possession of certain equipment on which the plaintiffs held

a perfected lien. *Id.* at 239.  As all of the parties had diverse citizenship, the original complaint was removable; however, the defendants did not immediately remove the case. *Id.* Plaintiffs subsequently filed an amended complaint to add causes of action for breach of contract, unjust enrichment and fraud to the conversion claim they had plead in the original complaint.  Within 30 days of the filing of the amended complaint, defendants filed a notice of removal.  Plaintiffs filed a motion to remand, arguing that the notice of removal was not timely filed within 30 days of the service of the original complaint.  Applying the revival exception, the district court denied the motion to remand. *Id.* at 239-40.

On appeal, the Fifth Circuit affirmed the denial of the motion for remand.  It agreed with the trial court that following Plaintiffs' amendment of the complaint, "the Co-defendants were confronted with a suit on a construction contract involving exposure to substantial compensatory and punitive damages, instead of only a questionable conversion claim by a competing creditor with an apparently inferior lien." *Id.* at 242.  Thus, the Fifth Circuit held that "[b]ecause the amended complaint starts a virtually new, more complex, and substantial case against the Co-defendants upon which no significant proceedings have been held, the removal will not result in delay, waste, or undue tactical advantage to a party." *Id.*

As in *Johnson*, the Amended Complaint in this case starts a virtually new and substantially more complex case against Hillcrest.  The Original Complaint was only 8 pages and contained 34 allegations.  The Original Complaint did not seek <u>any</u> monetary relief.  It did not assert any causes of action against Hillcrest.  Rather, the Original Complaint contained only a legally-deficient request for temporary injunctive relief while Plaintiffs pursued collateral proceedings, alleging only that Plaintiffs' interest in real property would be impaired if Hillcrest completed its trustee's sale prior to the resolution of such collateral proceedings.  Those proceedings have since been completed.

In contrast, the Amended Complaint spans 28 pages, with 162 separately numbered allegations regarding brand new factual issues.  The Amended Complaint now – for the first time – seeks monetary damages against Hillcrest.  Furthermore, such monetary damages are

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

significant, totaling in excess of one million dollars: Plaintiffs' seek the principal sum of $650,000 plus accrued and accruing interest on $300,000 of this amount at 24% per annum from December 2004 (approximately $400,000). The Amended Complaint now identifies four (4) never-before-revealed causes of action, including aiding and abetting, civil conspiracy, and interference with contract. These new claims for damages are based upon elaborate allegations of fraud by non-parties and conspiracy that bear no resemblance or logical relationship to the allegations of the Original Complaint. Finally, whereas the Original Complaint sought only interim injunctive relief pending the conclusion of Plaintiffs' other proceedings – which have since concluded – the Amended Complaint now asserts a new and different request for injunctive relief pending the resolution of *"this lawsuit."* Amended Complaint at p.21, ¶124.

Indeed, Plaintiffs acknowledged in their pleadings in Superior Court that the Amended Complaint states an entirely new case against Hillcrest. In opposing Plaintiffs' motion for leave to amend the complaint, Hillcrest argued that "Plaintiffs **have essentially rewritten the Complaint** attempting to create a brand new lawsuit by raising never-before-disclosed facts and entirely unrelated claims." *Hillcrest Bank's Response To Plaintiffs' Untimely Motion To Amend* at p.3, ll.5-8. In their Reply brief, Defendants responded to this argument by stating ***"That's what amended pleadings do; they add to the existing pleading."*** *Reply In Support Of Motion To Amend Verified Complaint* at p.6, ll.7-10 (emphasis added).

Finally, unlike *Harris*, where the Ninth Circuit affirmed the propriety of removal even though the case had been set for trial, here, there have been no significant proceedings in the Removed Action. The Plaintiffs did not exchange disclosure statements; did not propound any requests for production, requests for admission or interrogatories; did not answer Hillcrest's Requests for Production or Interrogatories; and did not disclose any expert witnesses. Also, other than Hillcrest's Motion to Dismiss Plaintiffs' Original Complaint, there have not been any dispositive motions.

{02329.003/00186295.DOC /}

1    Thus, as Defendants have conceded, the Amended Complaint so substantially alters the

2    character of this action as to constitute essentially a new lawsuit. There have been no

3    proceedings on the Amended Complaint or the new allegations and causes of action therein.

4    Removal of this lawsuit would not result in delay, waste, or undue tactical advantage.

5    Accordingly, even if this Court were to assume that that the Original Complaint was

6    removable and that the 30-day day limit of the first paragraph of §1446(b) applied, the entry

7    of the Order granting leave to file the Amended Complaint revived Hillcrest's right to remove

8    and re-started the 30-day removal period.

9    **V.     CONCLUSION.**

10    This Court has diversity jurisdiction over this action under 28 U.S.C. §1332(a)(1).

11    There is complete diversity and the amount in controversy exceeds the $75,000 jurisdictional

12    minimum. Hillcrest timely filed this Notice of Removal as permitted by 28 U.S.C. §1446(b).

13    Accordingly, Hillcrest is entitled to remove this case to this Court.

14                        **FILING IN SUPERIOR COURT**

15    Pursuant to L.R. Civ. 3.7(a), Hillcrest certifies that it has filed a copy of this Notice of

16    Removal with the Clerk of the Superior Court and has served the same upon all parties to the

17    Removed Case.

18                          **STATE COURT RECORD**

19    Pursuant to L.R. Civ. 3.7(b), Hillcrest has filed concurrently herewith an index of all

20    pleadings and other documents previously filed with the Superior Court in the Removed Case,

21    together with true and accurate copies of said documents, and the Verification of its counsel

22    that all such documents are true and complete copies of all pleadings and other documents

23    filed in the Removed Case.

24                            **PENDING MOTIONS**

25    Pursuant to L.R. Civ. 3.7(c), Hillcrest certifies that there are no motions pending in the

26    Removed Case as of the date of the Notice of Removal that have not yet been ruled upon.

27

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00186295.DOC /}

**DATED** this 26th day of August 2010.

**ENGELMAN BERGER, P.C.**

By */s/ Kevin M. Judiscak*
      Kevin M. Judiscak
      Scott W. Hulbert
      3636 North Central Avenue, Suite 700
      Phoenix, Arizona 85012
      Attorneys for Hillcrest Bank

I hereby certify that on this ___ day of August, 2010,
I electronically transmitted the attached Document
to the Clerk's Office using the CM/ECF System for
filing and transmittal of a Notice of Electronic Filing
to the following CM/ECF Registrants:

J. Jeffrey Coughlin
J. Jeffrey Coughlin PLLC
114 S. Pleasant Street
Prescott, AZ  86303
j.coughlin@azbar.org
Attorneys for Plaintiffs


      */s/ Linda G. Saperstein*

# EXHIBIT "A"

# FDIC

**Federal Deposit
Insurance Corporation**
Each depositor insured to at least $250,000 per insured bank

Advanced Search

## Bank Find

Institution Directory Home

**Back to Search Bank Find**

## Your Bank at a Glance

**Hillcrest Bank** (FDIC Cert. 22173) **is FDIC Insured.**

**Hillcrest Bank** has been FDIC insured since **December 3, 1975.**
It was established on **December 3, 1975.**
Its main office (headquarters) is located at:
>**11111 West 95th Street
>Overland Park, Kansas 66214
>County of Johnson**

**Hillcrest Bank** has **41** Domestic Branches (Offices) located in **4** state(s.) (Check to locate Branches (Offices) by state.)

Hillcrest Bank's reported (or primary) website: http://www.hillcrestbank.com:80/

**Hillcrest Bank** is chartered as a Federal Reserve Non-member. Therefore the primary regulator is the **Federal Deposit Insurance Corporation (FDIC)**. For **consumer assistance** regarding an issue with this institution, please contact the **FDIC** directly using https://www2.fdic.gov/starsmail/index.asp.

Calculate your FDIC insurance coverage at Hillcrest Bank using FDIC EDIE at www.fdic.gov/edie.
Last financial information available about Hillcrest Bank.
Historical profile of Hillcrest Bank.

For additional information please click on one of the following:
1. For more information on Federal Deposit Insurance, Your Insured Deposits or Insured or Not Insured
2. View the industry's overall picture - Statistics at a Glance
   (This will open a new window.)
3. Current Financial data about your bank - Institution Directory – Two years Financial Report
   (This will open a new window.)
4. Examine your bank's financial data - CALL/TFR Financial Information *6/30/2010 Latest Available*
5. Study branching and deposit market share - Summary of Deposits/Market Share
6. Analyze and compare individual institutions and create custom reports - Institution Directory – Compare
7. Review industry using 8 predefined reports - Statistics on Depository Institutions
8. Identify the latest performance trends in your state - Quarterly Banking Profile State Tables
   (This will open a new window.)
9. Analyze institutions and custom peer groups - Statistics on Depository Institutions
10. View branch office deposit information - Summary of Deposits
11. Community Reinvestment Act (CRA) Performance Ratings - CRA Performance Ratings
12. FDIC's Disclaimer - FDIC's Disclaimer

Questions, Suggestions & Requests

Home | Contact Us | Search | Help | SiteMap | Forms
Freedom of Information Act (FOIA) Service Center | Website Policies | USA.gov | FDIC Office of Inspector General
FDIC Open Government Webpage | No FEAR Act Data

http://www2.fdic.gov/idasp/main_bankfind.asp[8/18/2010 10:21:05 AM]

# EXHIBIT "B"

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

The license information shown below represents public information taken from the Department of Real Estate's database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License information taken from records of the Department of Real Estate on 8/18/2010 10:31:50 AM

| | |
|---|---|
| **License Type:** | BROKER |
| **Name:** | Van Weelden, Paul |
| **Mailing Address:** | 6687 WHITLEY TERRACE<br>LOS ANGELES, CA 90068 |
| **License ID:** | 00615764 |
| **Expiration Date:** | 11/09/11 |
| **License Status:** | LICENSED |
| **Broker License Issued:** | 02/26/79 (Unofficial -- taken from secondary records) |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 6687 WHITLEY TERRACE<br>LOS ANGELES, CA 90068 |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | NO CURRENT BRANCHES |
| **Affiliated Licensed Corporation(s):** | 00958413 - Officer Expiration Date: 04/14/91<br>Sunkist Estate Company<br>EXPIRED AS OF 04/15/91 |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

The license information shown below represents public information taken from the Department of Real Estate's database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License information taken from records of the Department of Real Estate on 8/18/2010 10:31:40 AM

| | |
|---|---|
| **License Type:** | SALESPERSON |
| **Name:** | Van Weelden, Karen Sikkema |
| **Mailing Address:** | 6687 WHITLEY TERRACE<br>LOS ANGELES, CA 90068 |
| **License ID:** | 00802243 |
| **Expiration Date:** | 12/02/84 |
| **License Status:** | EXPIRED |
| **Salesperson License Issued:** | 12/03/80 (Unofficial -- taken from secondary records) |
| **Former Name(s):** | NO FORMER NAMES |
| **Employing Broker:** | NO CURRENT EMPLOYING BROKER |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

# EXHIBIT "C"

Westlaw.

APN:5575-014-008                                                              Page 1

**REAL PROPERTY TAX ASSESSOR RECORD**

| | |
|---|---|
| Tax Roll Certification Date: | 06-29-2009 |
| Owner Information Current Through: | 07-15-2010 |
| County Last Updated: | 07-24-2010 |
| Current Date: | 08/18/2010 |
| Source: | TAX ASSESSOR                                    LOS ANGELES, CALIFORNIA |

**OWNER INFORMATION**

| | |
|---|---|
| Owner(s): | VANWEELDEN PAUL & KAREN S |
| | VAN WEELDEN |
| Ownership Rights: | TRUST |
| Absentee Owner: | OWNER OCCUPIED |
| Property Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |
| Phone: | 323-851-3816 |

**PROPERTY INFORMATION**

| | |
|---|---|
| County: | LOS ANGELES |
| Assessor's Parcel Number: | 5575-014-008 |
| Property Type: | SINGLE FAMILY RESIDENCE - TOWNHOUSE |
| Land Use: | SINGLE FAMILY RESIDENCE |
| Zoning: | LAR1 |
| Homestead Exempt: | HOMEOWNER EXEMPTION |
| Lot Size: | 5110 |
| Lot Acreage: | 0.1173 |
| Width Footage: | 68 |
| Depth Footage: | 75 |
| Property View: | CITY |
| Tract/Subdivision Number: | 3639 |
| Legal Description: | TRACT NO 3639 LOT 48 |
| Lot Number: | 48 |

**TAX ASSESSMENT INFORMATION**

| | |
|---|---|
| Tax Year: | 2008 |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

APN:5575-014-008                                                                    Page 2

| | |
|---|---|
| Calculated Land Value: | $144,029.00 |
| Calculated Improvement Value: | $227,888.00 |
| Calculated Total Value: | $371,917.00 |
| Assessed Land Value: | $144,029.00 |
| Assessed Improvement Value: | $227,888.00 |
| Assessed Total Value: | $371,917.00 |
| Valuation Method: | ASSESSED |
| Tax Amount: | $4,562.85 |
| Tax Code Area: | 67 |

**BUILDING/IMPROVEMENT CHARACTERISTICS**

| | |
|---|---|
| Number of Buildings: | 1 |
| Year Built: | 1922 |
| Total Area: | 3000005110 |
| Living Square Feet: | 2104 |
| Total Number of Rooms: | 7 |
| Number of Bedrooms: | 4 |
| Number of Bathrooms: | 2.00 |
| Full Baths: | 2 |
| Fireplace: | YES |
| Garage Type: | CARPORT |
| Parking Spaces: | 2 |
| Number of Stories: | 2.00 |
| Number of Units: | 1 |
| Style/Shape: | SPANISH |
| Exterior Wall Type: | STUCCO |
| Roof Type: | HIP |
| Foundation Type: | PIER |
| Heat: | TYPE UNKNOWN |
| Sewer: | TYPE UNKNOWN |

**LAST FULL MARKET SALE INFORMATION**

| | |
|---|---|
| Sale Price: | $179,500.00 |
| Consideration: | FULL |
| Deed Type: | GRANT DEED |
| Type of Sale: | RESALE |
| Number of Parcels: | 2 |
| Recording Date: | 03/03/1980 |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

APN:5575-014-008                                                        Page 3

Document Number:                    214924

## HISTORICAL TAX ASSESSOR INFORMATION

### Historical Tax Assessor Record 1.

| | |
|---|---|
| Tax Year: | 2007 |
| Calculated Land Value: | $141,205.00 |
| Calculated Improvement Value: | $223,420.00 |
| Calculated Total Value: | $364,625.00 |
| Assessed Total Value: | $364,625.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Homestead Exempt: | HOMEOWNER EXEMPTION |
| Absentee Owner: | OWNER OCCUPIED |
| Owner: | VANWEELDEN PAUL & KAREN S |
| | VAN WEELDEN |
| Property Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |

### Historical Tax Assessor Record 2.

| | |
|---|---|
| Tax Year: | 2006 |
| Calculated Land Value: | $138,437.00 |
| Calculated Improvement Value: | $219,040.00 |
| Calculated Total Value: | $357,477.00 |
| Assessed Total Value: | $357,477.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Homestead Exempt: | HOMEOWNER EXEMPTION |
| Absentee Owner: | OWNER OCCUPIED |
| Owner: | VANWEELDEN PAUL & KAREN S |
| | VAN WEELDEN |
| Property Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |

### Historical Tax Assessor Record 3.

| | |
|---|---|
| Tax Year: | 2005 |
| Calculated Land Value: | $135,723.00 |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

APN:5575-014-008

| | |
|---|---|
| Calculated Improvement Value: | $214,746.00 |
| Calculated Total Value: | $350,469.00 |
| Assessed Total Value: | $350,469.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Homestead Exempt: | HOMEOWNER EXEMPTION |
| Absentee Owner: | OWNER OCCUPIED |
| Owner: | VANWEELDEN PAUL & KAREN S |
| | VAN WEELDEN |
| Property Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |

### *Historical Tax Assessor Record 4.*

| | |
|---|---|
| Tax Year: | 2003 |
| Calculated Land Value: | $128,063.00 |
| Calculated Improvement Value: | $202,625.00 |
| Calculated Total Value: | $330,688.00 |
| Assessed Total Value: | $330,688.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Absentee Owner: | OWNER OCCUPIED |
| Owner: | VANWEELDEN PAUL & KAREN S |
| | VAN WEELDEN |
| Property Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
| | LOS ANGELES, CA 90068-3220 |

### *Historical Tax Assessor Record 5.*

| | |
|---|---|
| Tax Year: | 2001 |
| Calculated Land Value: | $123,091.00 |
| Calculated Improvement Value: | $194,757.00 |
| Calculated Total Value: | $317,848.00 |
| Assessed Total Value: | $317,848.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Absentee Owner: | OWNER OCCUPIED |
| Owner: | VAN WEELDEN TRUST |
| Property Address: | 6687 WHITLEY TER |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

|  | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
|  | LOS ANGELES, CA 90068-3220 |

### *Historical Tax Assessor Record 6.*

| Tax Year: | 2001 |
| Calculated Land Value: | $123,091.00 |
| Calculated Improvement Value: | $194,757.00 |
| Calculated Total Value: | $317,848.00 |
| Assessed Total Value: | $317,848.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Absentee Owner: | YES |
| Owner: | VAN WEELDEN TRUST |
| Property Address: | 6687 WHITLEY TER |
|  | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
|  | LOS ANGELES, CA 90068-3220 |

### *Historical Tax Assessor Record 7.*

| Tax Year: | 1999 |
| Calculated Land Value: | $120,678.00 |
| Calculated Improvement Value: | $190,939.00 |
| Calculated Total Value: | $311,617.00 |
| Assessed Total Value: | $311,617.00 |
| Assessor's Parcel Number: | 5575-014-008 |
| Owner: | VAN WEELDEN PAUL |
|  | VAN WEELDEN KAREN S |
| Property Address: | 6687 WHITLEY TER |
|  | LOS ANGELES, CA 90068-3220 |
| Mailing Address: | 6687 WHITLEY TER |
|  | LOS ANGELES, CA 90068-3220 |

ADDITIONAL PROPERTIES POSSIBLY CONNECTED TO OWNER have been located. The owner's mailing address is associated with other properties as indicated by tax assessor records. Additional charges may apply.

TRANSACTION HISTORY REPORT is available for this property. The report contains details about all available transactions associated with this property. The report may include information about sales, ownership transfers, refinances, construction loans, 2nd mortgages, or equity loans based on recorded deeds. Additional charges may apply.

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

to order copies of documents related to this or other matters.
Additional charges apply.

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT "D"

OFFICIAL RECORDS OF

**AUG 2 4 2009**

Recording Requested by:
First American Title Insurance Company

When recorded mail to:
The Van Weelden Family Trust
4935 McConnell Ave. Ste 5
Los Angeles, CA 90066

Unofficial
Document

## WARRANTY DEED

File No. **207-4396234 (kh)**

For the consideration of TEN AND NO/100 DOLLARS, and other valuable considerations, I or we,

**Quintero Golf and Country Club, LLC, an Arizona limited liability company,** the GRANTOR does hereby convey to

**Paul L. Van Weelden and Karen S. Van Weelden, Trustee(s) of The Van Weelden Family Trust, U/D/T dated March 13, 2001,** the GRANTEE

the following described property situate in **Maricopa** County, **Arizona:**

**LOT 40, OF FOUNDERS ESTATES 3, QUINTERO GOLF AND COUNTRY CLUB PHASE 1, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 668 OF MAPS, PAGE 20.**

Pursuant to ARS 33-404, Beneficiaries names and addresses under said trust(s) are disclosed in Trust Certification(s) attached hereto.

**Subject To:**  Existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record.

And the GRANTOR binds itself and its successors to warrant the title as against its acts and none other, subject to the matters set forth.

DATED: August 04, 2005

Quintero Golf and Country Club, LLC, an
Arizona limited liability company

By: Rudy Frame, Its: Representative

File No.:207-4396234 (kh)          Warranty Deed - continued
A.P.N.:

STATE OF  Arizona          )
                                         )ss.
County of  Maricopa        )

On  August 5, 2005          , before me, the undersigned Notary Public, personally
appeared **Quintero Golf and Country Club, LLC**, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that
his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

My Commission Expires: 11-1-2005          _Maureen Malley_
                                                              Notary Public



OFFICIAL SEAL
MAUREEN MALLEY
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Expires Nov. 1, 2005

Unofficial Document

File No.: 207-4396234 (kh)          Warranty Deed - continued
A.P.N.:

## TRUST CERTIFICATION

August 04, 2005

First American Title Insurance Company
23341 North Pima Road, Suite 137
Scottsdale, AZ 85255

RE:   Escrow No. 207-4396234

The undersigned, being the Trustee(s) of the The Van Weelden Family Trust, do(es) hereby certify that as of this date said Trust Agreement is in full force and effect and has not been amended, modified or revoked.

The names and addresses of the beneficiaries of the trust, which must be disclosed on the deed, are as follows:

NAME:   *Paul Van Weelden*

ADDRESS:   *6687 Whitley Terrace        Los Angeles, CA 90068*

NAME:   *Karen S. Van Weelden*

ADDRESS:   *6687 Whitley Terrace        Los Angeles, CA 90068*

NAME:   *Jacob Paul Van Weelden*

ADDRESS:   *6687 Whitley Terrace        Los Angeles, CA 90068*

The Van Weelden Family Trust

_____          _____
Paul L. Van Weelden, Trustee          Karen S. Van Weelden, Trustee