1  KEVIN M. JUDISCAK, SBA #012764
2  SCOTT W. HULBERT, SBA #021830
   **ENGELMAN BERGER, P.C.**
   3636 NORTH CENTRAL AVENUE, SUITE 700
3  PHOENIX, ARIZONA 85012

4  Ph: (602) 271-9090
   Fax: (602) 222-4999
   Email: kmj@engelmanberger.com
5  swh@engelmanberger.com

6  Attorneys for Plaintiff Hillcrest Bank

7  **UNITED STATES DISTRICT COURT**

8  **DISTRICT OF ARIZONA**

9  PAUL VAN WEELDEN AND KAREN          Case No. 2:10-cv-01833-JAT
   VAN WEELDEN, husband and wife;
10 PAUL VAN WEELDEN, as Trustee for    **HILLCREST BANK'S**
   THE VAN WEELDEN FAMILY TRUST,       **MOTION TO DISMISS**
11                                     **PLAINTIFFS' FIRST**
                                       **AMENDED COMPLAINT**
            Plaintiffs,
12

13      v.

14 HILLCREST BANK, a Kansas
   corporation,
15
            Defendant.

16      Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be

17 granted.  Plaintiffs' First Amended Complaint identifies five Counts: Injunctive Relief,

18 Intentional Interference with Contract, Aiding and Abetting McClung's Negligence, Aiding

19 and Abetting McClung's Fraudulent Misrepresentation, and Civil Conspiracy.  Plaintiffs'

20 First Amended Complaint is deficient for at least four reasons:

21      (1)  Arizona law does not recognize the Count, e.g., injunctive relief is a
             remedy and not, in itself, a cause of action;
22
        (2)  The allegations of Plaintiffs' First Amended Complaint negate the Count,
23           e.g. Plaintiffs' allegations reveal that the individual plaintiffs were not
             parties to the contract allegedly interfered with;
24
        (3)  The First Amended Complaint fails to contain sufficient factual allegations,
25           and instead contains only conclusory statements or threadbare recitals, e.g.
             Plaintiffs' "Civil Conspiracy" Count consists of only two allegations, one
26           incorporating all prior allegations and a second baldly asserting an
             agreement to accomplish an unlawful purpose; and
27

{02329.003/00189824.DOC /}

(4)     The First Amended Complaint lacks facial plausibility, e.g. the First Amended Complaint lacks well-pleaded facts to show the plausibility of the claim that Defendant Hillcrest Bank aided and abetted the non-party developer's managing member in negligently managing the non-party developer, from whom the Plaintiff Trust purchased an undeveloped lot in 2005.

Consequently, pursuant to Rules 9(b) and 12(b)(6), Defendant Hillcrest Bank respectfully requests that the First Amended Complaint be dismissed with prejudice.

This Motion is supported by the accompanying Memorandum of Points and Authorities, which is incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.

This lawsuit involves a failed golf course community development in Peoria, Arizona. The non-party developer, Quintero Golf and Country Club, LLC ("Quintero"), is defunct. The non-party managing member, Gary McClung, is in bankruptcy. The property is in the custody of a court-appointed receiver, in Maricopa County Superior Court, CV2009-030918.

Between 2003 and 2004, the Plaintiffs, Mr. and Mrs. Van Weelden, and the Van Weelden Family Trust ("Trust"), made various loans to Quintero, and in 2004 Mr. and Mrs. Van Weelden purchased a premier golf membership in the golf course. In 2005, the Trust also purchased an undeveloped lot in the development. In 2005, Hillcrest Bank extended a thirty-one million dollar line of credit to Quintero to retire Quintero's debt to the prior institutional lender and to provide additional funding. Hillcrest Bank's loan was secured by a first-position deed of trust on the property.

In 2006, at least two of Mr. and Mrs. Van Weelden's loans to Quintero matured without repayment. In 2007, Hillcrest Bank's loan to Quintero also matured without repayment. Plaintiffs filed a lawsuit against Quintero and McClung for breach of contract relating to the unpaid loans and the golf membership, in superior court, CV2007-022139. Mr. McClung filed bankruptcy during the pendency of that lawsuit, and Mr. and Mrs. Van Weelden obtained a judgment against Quintero. Hillcrest Bank filed a separate lawsuit

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1   against Quintero and obtained a receiver of the property, in CV2009-030918. Hillcrest Bank

2   also noticed a trustee's sale of the real property security.

3        On January 8, 2010, Plaintiffs filed this suit against Hillcrest Bank, and sought solely

4   injunctive relief to prevent Hillcrest Bank from foreclosing on the property. Hillcrest Bank

5   filed a Motion to Dismiss the original Complaint because Plaintiffs' request for injunctive

6   relief identified only a remedy and not an independent claim upon which relief could be

7   granted. Plaintiffs knew that unless they could come up with a cause of action against

8   Hillcrest Bank, their lawsuit would be dismissed. Consequently, Plaintiffs sought and

9   obtained leave to file their First Amended Complaint and added new causes of action.

10        Lacking any direct claims against Hillcrest Bank, Plaintiffs seek to impose liability on

11   Hillcrest Bank for torts allegedly committed by McClung while acting as the manager of

12   Quintero, through counts of conspiracy, aiding and abetting, and interference with contract.

13   **II.   PLAINTIFFS' COUNT I FOR INJUNCTIVE RELIEF FAILS TO STATE A
         CLAIM FOR RELIEF.**

14

15        Count I of Plaintiffs' First Amended Complaint is entitled, "Injunctive Relief."

16   However, "[i]njunctive relief is a *remedy* and not, in itself, a *cause of action*, and a cause of

17   action must exist before injunctive relief may be granted." *Camp v. Board of Supervisors*,

18   123 Cal.App.3d 334, 355-356 (1981) (emphasis added); *see Klay v. United Health Group,
     Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) ("There is no such thing as a suit for a traditional

19   injunction in the abstract. For a traditional injunction to be even theoretically available, a

20   plaintiff must be able to articulate a basis for relief that would withstand scrutiny under

21
     Fed.R.Civ.P. 12(b)(6) (failure to state a claim)."); *Brittingham v. Ayala*, 995 S.W.2d 199, 201
22
     (Tex. App. 1999) ("An injunction is an equitable remedy, not a cause of action."); *Art*
23
     *Movers, Inc. v. Ni West, Inc.*, 3 Cal. App. 4th 640, 646-648 (1992) ("A permanent injunction is
24
     merely a remedy for a proven cause of action."); *Korean American Legal Advocacy*
25
     *Foundation v. City of Los Angeles,* 23 Cal.App.4th 376, 398-99 (1994) ("A preliminary
26
     injunction is an interim remedy designed to maintain the status quo pending a decision on the
27

1    merits. [Citation.] It is not, in itself, a cause of action.").

2        Thus, Plaintiffs' Count I for Injunctive Relief identifies only a requested remedy, not

3    an independent cause of action. Therefore, Plaintiffs' request for injunctive relief fails to state

4    an independent cause of action upon which relief can be granted.

5    ## III.   PLAINTIFFS' COUNT II FOR INTENTIONAL INTERFERENCE WITH CONTRACT FAILS TO STATE A CLAIM FOR RELIEF.

6        Count II of the First Amended Complaint also fails to state a claim upon which relief

7    can be granted for either Mr. and Mrs. Van Weelden or for the Trust.

8        ### A.   Count II Fails To State A Viable Claim for Mr. and Mrs. Van Weelden.

9        Count II of the First Amended Complaint fails to state a claim for "Intentional

10   Interference with Contract," on behalf of Mr. and Mrs. Van Weelden. This is because, *inter*

11   *alia*, Mr. and Mrs. Van Weelden were not parties to the contract allegedly interfered with.

12       The Arizona Supreme Court has identified the elements of claim for intentional

13   interference with contract as:

> (1) existence of a valid contractual relationship, (2) knowledge of the
> relationship on the part of the interferor, (3) intentional interference inducing or
> causing a breach, (4) resultant damage to the party whose relationship has been
> disrupted, and (5) that the defendant acted improperly.

*Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 493, 38 P.3d 12, 31 (2002). Here, to attempt to satisfy the first element of the cause of action, Plaintiffs allege, "There was a contractual relationship between the Quintero entities and Plaintiffs when Plaintiffs purchased land in Quintero." First Amended Complaint ("FAC"), ¶ 128. More specifically, Plaintiffs clarify that "On August 5, 2005, Paul L. Van Weelden and Karen S. Van Weelden, trustees of the Van Weelden Family Trust, I/D/T, dated March 13, 2001 purchased Lot 40 of Founders Estates Three, Quintero Golf & Country Club, Phase I." Thus, the allegations establish that Mr. and Mrs. Van Weelden were not parties to the purchase contract in their individual capacities. Rather, the Trust was the party to the purchase contract, acting through Mr. and Mrs. Van Weelden in their capacities as trustees of the plaintiff Trust. Therefore, Count II of the First

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

4

Amended Complaint fails to state a claim for intentional interference with contract upon which relief can be granted in favor of Mr. and Mrs. Van Weelden individually, and must be dismissed.[1]

**B.   Count II Fails To State A Viable Claim for the Trust.**

Count II of the First Amended Complaint fails to state a claim for "Intentional Interference with Contract," on behalf of the Trust. This is because the Trust fails to allege well-pleaded factual allegations that satisfy the last three of the five elements of a claim for intentional interference with contract, as identified in *Arizona Laborers*.

First, the First Amended Complaint does not contain <u>*any*</u> factual matter that Hillcrest Bank allegedly (i) *interfered* with the Trust's purchase agreement, or (ii) that any such interference was *intentional*, or (iii) that any such interference *caused a breach* of the purchase agreement. Second, the First Amended Complaint does not contain <u>*any*</u> factual matter that Hillcrest Bank acted *improperly* or *wrongfully* with regard to the Trust's purchase agreement. Third, the First Amended Complaint contains only a conclusory assertion that "Plaintiffs have been damaged as a result of Hillcrest's improper actions." This bare assertion will not be accepted as true for purposes of the Bank's Motion to Dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Finally, with regard to Hillcrest Bank's *knowledge* of the Trust's purchase contract for Lot 40, the Trust alleges that the Bank learned of the purchase contract when the sale proceeds from that purchase contract were applied to the Hillcrest Bank loan balance. FAC, ¶ 129. Accepted as true for purposes of this Motion to Dismiss, ¶ 129 of the First Amended

---

[1] As explained below, Count II of the First Amended Complaint also is deficient with regard to the other necessary elements of a claim for intentional interference with contract. The Trust's pleading deficiencies of the other requisite elements apply equally to Mr. and Mrs. Van Weelden, and the below arguments regarding the Trust's pleading deficiencies are incorporated by reference with regard to Mr. and Mrs. Van Weelden.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1    Complaint shows that the Bank became aware of the purchase contract after the contract was

2    consummated, and the sale proceeds were delivered to the Bank.

3         Tellingly, this ¶ 129 also establishes that Quintero closed on the purchase agreement.

4    Therefore, this paragraph negates the required element that the purchase agreement for Lot 40

5    was breached by Quintero.   Quintero could not breach the purchase contract after the parties

6    closed on the purchase contract.

7         Although the Trust alleges in ¶ 130 that "McClung requested the letters of credit be

8    cancelled," the Trust does not allege any well-pleaded facts that would show that requesting

9    the cancellation of the letters of credit would constitute a breach of the Lot 40 purchase

10   agreement, which had closed in 2005.   Moreover, the Trust admits in ¶ 64 of the First

11   Amended Complaint that "The letter of credit issued regarding Founders Estates Three (*the*

12   *portion of the subdivision containing the Van Weelden property*) *expired by its terms on May*

13   *16, 2006*."   (emphasis added).   Thus, Plaintiffs' allegations show that the letter of credit

14   pertaining to the portion of the subdivision containing the Trust's Lot 40 was not wrongfully

15   cancelled, but rather expired on its own terms.   Finally, ¶ 103 elaborates, "On *March 27,*

16   *2007*, McClung, on behalf of QCA and as managing member of Quintero sent a letter to

17   Robert Sperry at Hillcrest Bank requesting that he cancel certain letters of credit."   (emphasis

18   added).   Therefore, on March 27, 2007, when McClung allegedly requested that the letters of

19   credit be cancelled, the letter of credit concerning the portion of the subdivision containing

20   the Trust's property had already expired by its own terms on May 16, 2006.   Thus, the First

21   Amended Complaint fails to contain factual allegations showing a *breach* of the Trust's Lot

22   40 purchase agreement by Quintero.

23         In sum, the Trust's Count II fails to state a claim upon which relief can be granted

24   because the First Amended Complaint lacks any well-pleaded factual matter of (1) a breach of

25   the purchase agreement, (2) interference by Hillcrest Bank, (3) intentional interference by the

26   Bank, (4) wrongful interference by the Bank, or (5) causation of a breach by the Bank.   In

27   addition, the First Amended Complaint contains only a conclusory statement regarding

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

6

consequent damages. Furthermore, the allegations also negate a breach, and instead establish the consummation of the Lot 40 purchase agreement. As such, Count II of the First Amended Complaint must be dismissed for failing to state a claim upon which relief can be granted.

## IV.   PLAINTIFFS' COUNT III FOR AIDING AND ABETTING MCCLUNG'S NEGLIGENCE FAILS TO STATE A CLAIM FOR RELIEF.

Count III of the First Amended Complaint also fails to state a claim for Aiding and Abetting McClung's Negligence upon which relief can be granted because as a matter of law, McClung, as the manager of Quintero (a limited liability company) did not owe a fiduciary duty to Plaintiffs, who were not members of Quintero. In addition, the First Amended Complaint fails to present well-pleaded factual allegations of the requisite elements of a claim for breach of fiduciary duty against McClung. Third, the First Amended Complaint fails to present well-pleaded allegations of fact that Hillcrest Bank aided and abetted McClung's purported breach of fiduciary duty, and further lacks facial plausibility that Plaintiffs are entitled to relief against Hillcrest Bank upon Plaintiffs' aiding and abetting claim.

### A.   McClung Did Not Owe A Fiduciary Duty To Plaintiffs.

Plaintiff's Count III for Aiding and Abetting McClung's Negligence is premised upon the erroneous assertion that McClung, "in his individual capacity," owed and breached a fiduciary duty to Plaintiffs. To this end, Plaintiffs allege "[a]s a promoter and the Manager of Quintero, a limited liability company, McClung, in his individual capacity, owed a fiduciary duty to Plaintiffs as investors in the company;" and "[a]s a Manager of Quintero, McClung has a duty to manage the corporate affairs of Quintero with the ordinary care a reasonably prudent person would." FAC, ¶¶ 134, 137. Plaintiffs' assertion of fiduciary duty fails for at least two reasons. First, the existence of a legal duty is a question of law for the court. *Wertheim v. Pima County,* 211 Ariz. 422, 424, ¶ 10, 122 P.3d 1, 3 (App. 2005). The Arizona Limited Liability Company Act ("AZLLC Act") does not impose duties upon a manager of a limited liability company. *See,* A.R.S. § 29-601, et seq. Tellingly, the AZLLC Act did not adopt the fiduciary duty language from either the Uniform Partnership Act or the Uniform

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

7

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1   Limited Liability Company Act.   Thus, as a matter of law, McClung in his individual

2   capacity, or as a promoter and manager of Quintero, did not owe a fiduciary duty to Plaintiffs

3   to non-negligently manage Quintero's corporate affairs.

4         Second, even if one were to consider Arizona partnership or corporate law by analogy,

5   the duty owed by a managing partner or director is not to the public at large. Rather, it is

6   owed only to the other partners or shareholders. Here, Plaintiffs do not allege that they were

7   members of Quintero. Rather, they allege that they made various loans to Quintero and that

8   the Trust purchased a lot from Quintero. Therefore, even under the duty owed by a managing

9   partner or corporate director, Plaintiffs have not alleged that they were members of Quintero,

10   and are not within the scope of any fiduciary duty owed by McClung to Quintero's members.

**B.   Plaintiffs Fail To Allege Well-Pleaded Allegations Of McClung's Negligence.**

11

12         "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

13   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct at

14   1949. "Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice." *Id.*   Here, Plaintiffs' First Amended Complaint

16   contains only conclusory statements of the remaining elements of a negligence claim against

17   McClung. Specifically, Plaintiffs allege that McClung "fail[ed] to disclose pertinent

18   information to Plaintiffs regarding their investments,"[2] "McClung, in his management and

19   supervision of Quintero fell below the standard of care," "McClung's breaches resulted in

20   Plaintiffs losing all of their investments," and "McClung's breaches were an actual and

21   proximate cause of Plaintiffs' damages." FAC, ¶¶ 136, 138, 139, 140. These conclusory

22   recitals are not accepted as true for purposes of the Bank's Motion to Dismiss. *Iqbal*, 129

23   S.Ct at 1949-50.

24

25

26

27   ---
[2] Earlier in the First Amended Complaint, Plaintiffs assert that the transactions were "loans" not investments. *See* FAC ¶ 6 ("Trust Plaintiff loaned"); ¶ 7 ("Based upon this loan"); ¶ 65 (McClung executed two promissory notes").

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**C.    Plaintiffs Fail To State A Plausible Claim That Hillcrest Bank Aided and Abetted McClung's Purported Negligence.**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct at 1949.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' ' " *Id.*  Here, the well-pleaded facts do not even show facts that are "consistent with" liability of Hillcrest Bank, and in no event show that the claim is plausible.  In essence, Plaintiffs allege that Hillcrest Bank aided and abetted McClung's conclusorily-alleged mismanagement, by failing to loan Quintero more than it did, by "requiring" Quintero to privately fund any additional amounts, and by failing to conduct appropriate due diligence when initially evaluating the construction loan. *See* FAC, ¶¶ 143-146.  These allegations do not contain factual matter as opposed to conclusory assertions. Furthermore, these allegations do not demonstrate that Plaintiffs' claim against the Bank is plausible.

**V.    PLAINTIFFS' COUNT IV FOR AIDING AND ABETTING MCCLUNG'S FRAUDULENT MISREPRESENTATION FAILS TO STATE A CLAIM FOR RELIEF.**

Count IV of the First Amended Complaint fails to state a claim for Aiding and Abetting McClung's Fraudulent Misrepresentation upon which relief can be granted because the First Amended Complaint fails to present well-pleaded factual allegations of the requisite elements of a claim for fraudulent misrepresent as required by Rule 8, Fed. R. Civ. P.  In addition, the First Amended Complaint fails to plead with particularity the circumstances constituting the purported fraud by McClung as required by Rule 9, Fed. R. Civ. P.  Third, the First Amended Complaint fails to present well-pleaded allegations of fact that Hillcrest Bank aided and abetted McClung's purported fraudulent misrepresentation, and further lacks facial

1  plausibility that Plaintiffs are entitled to relief against Hillcrest Bank upon Plaintiffs' aiding
2  and abetting claim.

3  **A.   Plaintiffs Did Not Plead Fraud With Particularity, As Required By Rule 9.**

4  Plaintiffs must plead the circumstances constituting fraud with particularity under Rule
5  9, Fed. R. Civ. P.  The particularity requirement of Rule 9(b) requires that allegations of fraud
6  be pled with sufficient specificity to allow a defendant an opportunity to defend against the
7  claim, rather than simply deny they have done anything wrong. *Bly-Magee v. California*, 236
8  F.3d 1014, 1019 (9th Cir.2001)(quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th
9  Cir.1993)).  But furnishing a defendant with notice of the fraud is not Rule 9(b)'s only
10  function.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994), *superseded by*
11  *statute on other grounds*, Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-
12  4, (stating, "We cannot accept plaintiffs' position... Plaintiffs argue essentially that the only
13  function of Rule 9(b) is to furnish defendants with notice. Plaintiffs thereby collapse Rule
14  9(b) into Rule 8(a).... But Rule 9(b) clearly imposes an *additional* obligation on plaintiffs: the
15  statement of the claim must *also* aver with particularity the circumstances constituting the
16  fraud.")(emphasis in the original).  Rule 9(b) also functions to deter the filing of actions as a
17  pretext for discovery of unknown wrongs, to protect defendants from "the harm that comes
18  from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon
19  the court, the parties and society enormous social and economic costs absent some factual
20  basis." *Bly-Magee*, 236 F.3d at 1018.

21  To accomplish those goals, "Rule 9(b) requires particularized allegations of the
22  circumstances *constituting* fraud." *Id.* (emphasis in the original). **The "who, what, when,**
23  **where, and how" of the misconduct must accompany allegations of fraud**. *Vess v. Ciba-*
24  *Geigy Corp, USA*, 317 F.3d 1097,1106 (9th Cir.2003) (internal quotation marks omitted).  A
25  plaintiff cannot survive a 12(b)(6)/9(b) motion to dismiss by alleging only the neutral facts
26  necessary to identify a fraudulent transaction. *In re GlenFed*, 42 F.3d at 1548 (stating, "[A]
27  plaintiff must set forth what is false or misleading about a statement, and why it is false ... A

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

1  plaintiff might do less and still identify the statement complained about; indeed, the plaintiff

2  might do less and still set forth some of the circumstances of the fraud. But the plaintiff

3  cannot do anything less and still comply with Rule 9(b)'s mandate...."").

4      Here, Plaintiffs failed to allege the "who, what, when, where, and how" of McClung's

5  purported fraudulent misrepresentations. Plaintiffs also failed to allege what is false or

6  misleading about any statement or why it was false. Specifically, Plaintiffs' First Amended

7  Complaint contains only the following six insufficient allegations of representations:

- "McClung told the Van Weelden Plaintiffs that if they retained the Membership for three years, it would yield a return of 16% - 18%." FAC, ¶ 10;[3]

- "On July 18, 2006, McClung, on behalf of himself and Quintero, reaffirmed the obligations due and stated 'I have you listed for two loans at $200,000 each, having repaid you $100,000 on one of those. There will be accumulated interest on those.' McClung also affirmed the obligations under the RPM's and stated that each was worth approximately One Hundred Forty Thousand Dollars ($140,000.00) at that time." FAC, ¶ 70;

- "On March 13, 2007, McClung e-mailed Paul Van Weelden informing him that they were forwarding his current wiring address to their employee, Trace, 'for when the time comes.'" FAC, ¶ 73;

- "Quintero and McClung, both personally and on behalf of Quintero, repeatedly promised to re-pay the obligations." FAC, ¶ 74;

- "McClung made multiple misrepresentations to Plaintiffs regarding his and Quintero's ability to repay the Plaintiffs." FAC, ¶ 135;

- "McClung made material false representations to Plaintiffs regarding the repayment of monetary obligations." FAC, ¶ 148.

21      Regarding the first three allegations, Plaintiffs do not set forth whether or how the

22  alleged representations were false. With regard to the last three allegations, Plaintiffs do not

23  set forth the what, when, to whom, or where of the conclusory representations. Plaintiffs also

24  do not explain whether or how the representations were false. Furthermore, Plaintiffs do not

25  offer any well-pleaded factual matter regarding the remainder of the nine necessary elements

26  of a fraud claim, including McClung's knowledge of falsity, Plaintiffs' reasonable reliance

27

[3] This representation may have occurred on June 30, 2004. *See* FAC, ¶ 9.

{02329.003/00189824.DOC /}

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1   and ignorance of the falsity, and proximate damages.   Therefore, Plaintiffs' Count IV for

2   aiding and abetting McClung's fraud fails to state a claim upon which relief can be granted

3   and must be dismissed.

4        **B.**    **Plaintiffs Fail To Allege Well-Pleaded Facts Of Fraud By McClung.**

5        In addition to the pleading requirements of Rule 9, Rule 8 also requires that a

6   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

7   is plausible on its face. *See Iqbal*, 129 S.Ct at 1949.  Here, Plaintiffs have done no more than

8   offer threadbare recitals of the elements of their claim of fraud, supported only by conclusory

9   statements. *See* ¶¶ 148 through 153 of the First Amended Complaint.  Such conclusory

10  recitations are not accepted as true for purposes of Hillcrest Bank's Motion to Dismiss.

11  Further, absent sufficient well-pleaded factual matter, the Court is unable to determine

12  whether Plaintiffs' claim of McClung's fraud is plausible.

13       **C.**    **Plaintiffs Fail To State A Plausible Claim That Hillcrest Bank Aided and**

14               **Abetted McClung's Purported Fraud.**

15       Plaintiffs' First Amended Complaint also does not state a plausible claim that Hillcrest

16  Bank aided and abetted McClung in making fraudulent representations regarding McClung's

17  and Quintero's repayment of Plaintiffs' various loans. *See Iqbal*, 129 S.Ct at 1949-50.

18  Indeed, Plaintiffs simply block-copied the conclusory "aiding and abetting" allegations from

19  Count III of the First Amended Complaint for aiding and abetting McClung's negligence, into

20  Count IV of the First Amended Complaint for aiding and abetting McClung's fraud.  As

21  explained above, these allegations assert that Hillcrest Bank aided and abetted McClung's

22  alleged misrepresentations regarding repayment of Plaintiffs' loans by failing to loan

23  Quintero more than it did, by "requiring" Quintero to privately fund any additional amounts,

24  and by failing to conduct appropriate due diligence when initially evaluating the construction

25  loan. *See* FAC, ¶¶ 157-160.  These allegations do not satisfy Rule 8's requirement, as

26  instructed in *Iqbal*, to plead sufficient factual matter of Hillcrest Bank's purported "aiding and

27  abetting" to state a claim for relief that is plausible on its face.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

## VI.   PLAINTIFFS' COUNT V FOR CIVIL CONSPIRACY FAILS TO STATE A CLAIM FOR RELIEF.

Plaintiffs' Count V for Civil Conspiracy consists of only two allegations, ¶¶ 161 and 162. Paragraph 161 incorporates all prior allegations of the First Amended Complaint. Paragraph 162 baldly alleges that corporate officers of Hillcrest "agreed with McClung to accomplish an unlawful purpose, as described above or to accomplish a lawful object by unlawful means, as described above." This threadbare recital of the elements of a conspiracy claim is not sufficient to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct at 1949.

As noted in *Iqbal*, the plaintiffs in *Twombly* flatly pleaded that the defendants entered into a contract, combination or conspiracy not to compete with each other. The Court held the plaintiffs' complaint deficient under Rule 8. "In doing so, it first noted that the plaintiffs' assertion of an unlawful agreement was a ' ' legal conclusion' ' and, as such, was not entitled to the assumption of truth." *Iqbal*, at 1951. The Court then determined that the plaintiffs' well-pleaded allegation of parallel behavior did not give rise to a plausible suggestion of conspiracy. *Id.* While the Court acknowledged that parallel conduct was consistent with an unlawful agreement, the Court nonetheless concluded that "it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior." *Id.* "Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed." *Id.; see also Arizona Laborers,* 201 Ariz. at 474, 499, 38 P.3d at 37 ("Ultimately, the correspondence between Bank agents and Symington's aides, coupled with meetings among Symington, his aides, and bank officials and the ensuing results raise serious questions about the Bank's activity. **But a claim for civil conspiracy must include an actual agreement, proven by clear and convincing evidence, and although the Bank's conduct is suspicious, evidence of an agreed upon**

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

1  **conspiratorial arrangement, on this record, cannot rise to the clear and convincing**
2  **level.**").

3        Here, as in *Twombly*, Plaintiffs' flat allegation of an unlawful agreement is a legal

4  conclusion and is not entitled to the assumption of truth.  Moreover, unlike *Twombly*, the

5  Plaintiffs here do not offer any additional well-pleaded factual matter that, if accepted as true,

6  would demonstrate an agreement between McClung and the Bank to accomplish an unlawful

7  purpose (which, purpose is unidentified).  Finally, as in *Twombly*, the allegations of the First

8  Amended Complaint do not plausibly suggest that the Bank entered into an agreement with

9  McClung to negligently manage Quintero, to make fraudulent misrepresentations to Plaintiffs

10 regarding repayment of their loans, or to do any other unlawful act in that the Bank's actions

11 are more likely explained by lawful, unchoreographed free-market behavior.  Consequently,

12 as in *Twombly*, Plaintiffs' Count V for Civil Conspiracy fails to state a claim upon which

13 relief can be granted and must be dismissed.

14 **VII.   PLAINTIFFS' DEFICIENT FIRST AMENDED COMPLAINT WARRANTS**
   **DISMISSAL WITH PREJUDICE.**
15
16        Hillcrest Bank acknowledges that where a court grants a Rule 12(b)(6) motion to

17 dismiss, the court typically will grant the plaintiff leave to file an amended complaint if the

   plaintiff has not previously amended the complaint.  Here, however, Plaintiffs did already
18
   amend their original Complaint, dated January 8, 2010.  In fact, it was only in response to
19
20 Hillcrest Bank's Motion to Dismiss Plaintiffs original Complaint, that Plaintiffs sought leave

21 to file their present First Amended Complaint.  Plaintiffs' original Complaint deficiently

   sought only injunctive relief without asserting any causes of action against the Bank.
22
23 Hillcrest Bank moved to dismiss the original Complaint on the grounds that injunctive relief

   is only a remedy, not a cause of action, and must be predicated upon a valid cause of action.
24
25 *See Camp*, 123 Cal.App.3d at 355-356.  Thus, Plaintiffs fully appreciated the necessity of

26 pleading a sufficient, viable claim for relief in their First Amended Complaint.

27

{02329.003/00189824.DOC /}

1    Nonetheless, as established above, Plaintiffs' First Amended Complaint fails to state a

2    claim upon which relief can be granted.  Furthermore, with regard to Plaintiffs' Count II for

3    Interference with Contract, the allegations of the First Amended Complaint negate such a

4    claim in that they establish that Mr. and Mrs. Van Weelden were not parties to the Lot 40

5    purchase contract allegedly interfered with, and that the Lot 40 purchase agreement was

6    consummated, not breached, in 2005.  Likewise, with regard to Plaintiffs' Count III for

7    Aiding and Abetting McClung's Negligence, the AZLLC Act does not impose fiduciary

8    duties upon the manager of a limited liability company, and, in any event, Plaintiffs were not

9    members of the Quintero limited liability company.  Thus, McClung did not owe Plaintiffs a

10   fiduciary duty to non-negligently manage Quintero, as a matter of law.  Thus, leave to amend

11   these counts would be futile.

12   Therefore, because Plaintiffs already have amended their Complaint once, and because

13   leave to amend with regard to Plaintiffs' Counts for Injunctive Relief, Interference with

14   Contract, and Aiding and Abetting McClung's Negligence would be futile, Hillcrest Bank

15   requests that Plaintiffs' First Amended Complaint be dismissed with prejudice and without

16   leave to amend.

17   **VIII.   CONCLUSION AND RELIEF REQUESTED.**

18   Plaintiffs' First Amended Complaint fails to allege sufficient factual matter to state a

19   claim for relief against Hillcrest Bank that is plausible on its face.  First, Count I of the First

20   Amended Complaint for Injunctive Relief fails to state a claim for relief as a matter of law.

21   Second, the allegations of the First Amended Complaint negate a claim for intentional

22   interference with contractual relations because Mr. and Mrs. Van Weelden were not parties to

23   the Lot 40 purchase agreement allegedly interfered with, and further establish that the

24   purchase agreement was consummated, not breached.  Third, McClung did not owe a

25   fiduciary duty to non-member Plaintiffs as a matter of law.  Fourth, the First Amended

26   Complaint fails to plead sufficient factual matter to show that Plaintiffs' claim that Hillcrest

27   Bank aided and abetted McClung in negligently managing Quintero is plausible.  Fifth, the

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

1  First Amended Complaint fails to plead sufficient factual matter to show that Plaintiffs' claim
2  that Hillcrest Bank aided and abetted McClung in making fraudulent representations to
3  Plaintiffs regarding repayment of their loans to Quintero is plausible.  Finally, the First
4  Amended Complaint fails to plead any factual matter to show that Plaintiffs' claim that
5  Hillcrest Bank entered into a civil conspiracy with McClung is plausible.  Thus, because
6  Plaintiffs already have amended their Complaint once and further amendment would be futile,
7  Hillcrest Bank requests that the First Amended be dismissed with prejudice.
8       **DATED** this 13th day of September 2010.
9
                              **ENGELMAN BERGER, P.C.**
10
11                            By */s/ Kevin M. Judiscak*
12                                 Kevin M. Judiscak
                                   Scott W. Hulbert
13                                 3636 North Central Avenue, Suite 700
                                   Phoenix, Arizona 85012
14                                 Attorneys for Hillcrest Bank
15  I hereby certify that on this 13th day of September, 2010,
16  I electronically transmitted the attached Document
    to the Clerk's Office using the CM/ECF System for
17  filing and transmittal of a Notice of Electronic Filing
    to the following CM/ECF Registrants:
18
    J. Jeffrey Coughlin
19  J. Jeffrey Coughlin PLLC
    114 S. Pleasant Street
20  Prescott, AZ  86303
    j.coughlin@azbar.org
21  Attorneys for Plaintiffs
22       */s/ Linda G. Saperstein*
23
24
25
26
27

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

{02329.003/00189824.DOC /}

16