Kevin M. Judiscak, SBA #012764
Scott W. Hulbert, SBA #021830
**Engelman Berger, P.C.**
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: kmj@engelmanberger.com
swh@engelmanberger.com

Attorneys for Hillcrest Bank

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL VAN WEELDEN AND KAREN VAN WEELDEN, husband and wife; PAUL VAN WEELDEN, as Trustee for THE VAN WEELDEN FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>HILLCREST BANK, a Kansas corporation,<br><br>Defendant. | Case No. 2:10-cv-01833-JAT<br><br>**HILLCREST BANK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted as required by Rules 8(a) and 9(c), Fed. R. Civ. P., and as instructed in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). For example, Plaintiffs do not identify a breach in their claim for Intentional Interference with Contract; Plaintiffs do not identify a duty or breach in their claim for Aiding and Abetting McClung's Negligence; Plaintiffs do not identify a fraudulent representation in their claim for Aiding and Abetting McClung's Fraudulent Misrepresentation; and Plaintiffs do not identify an agreement to accomplish an unlawful purpose in their claim for Civil Conspiracy. These are only examples of the numerous deficiencies in each of Plaintiffs' claims. As demonstrated in Hillcrest Bank's Motion to Dismiss, the claims contained in Plaintiffs' First Amended Complaint are fatally deficient for at least four categories of reasons, including: (1) they are deficient as a matter of law, (2) the

allegations of Plaintiffs' First Amended Complaint actually negate the cause of action, (3) the allegations are merely generic recitals of the elements or conclusory statements, but lack substantiating factual matter; and (4) the First Amended Complaint lacks facial plausibility.

Plaintiffs' Response fails to address these deficiencies. Plaintiffs' First Amended Complaint generically (and deficiently) alleged – without identifying substantiating facts – that McClung, as the former managing member of Quintero, the developer, engaged in undefined wrongdoing and that Hillcrest Bank should be liable for McClung's purported torts through counts of conspiracy, aiding and abetting and interference with contract. Similarly, Plaintiffs' Response generically (and deficiently) asserts – without analysis or explanation – that the allegations of the First Amended Complaint are sufficient. Plaintiffs' conclusory Response does not provide any guidance to the Court (or to Hillcrest Bank) to attempt to glean sufficient facts to show a possible claim for relief. Such facts simply do not exist. Further, Plaintiffs do not seek leave to file yet a third attempted version of their Complaint, and such an effort would be futile.

As instructed by the United States Supreme Court, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 129 S.Ct at 1949.

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed.

I. **PLAINTIFFS' COUNT I FOR "INJUNCTIVE RELIEF" FAILS TO STATE A CLAIM FOR RELIEF.**

As established in Hillcrest Bank's Motion to Dismiss, Count I of Plaintiffs' First Amended Complaint, entitled "Injunctive Relief," identifies only a requested remedy, not an independent cause of action upon which relief can be granted. *See Camp v. Board of*

*Supervisors*, 123 Cal.App.3d 334, 355-356 (1981); *Klay v. United Health Group, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). Plaintiffs do not controvert this in their Response. Thus, Hillcrest Bank's Motion in this regard is well-taken, and Count I of the First Amended Complaint must be dismissed unless supported by an independent cause of action.

Plaintiffs' assertion, in their Response, that the Superior Court previously issued a temporary restraining order based on the allegations of the *original* Complaint, is irrelevant to the deficiencies of the First Amended Complaint as established in Hillcrest Bank's Motion to Dismiss. In fact, the lapse of the temporary restraining order entered over eight months ago, on February 5, 2010, is not presently before this Court or at issue in the Bank's Motion to Dismiss. Nonetheless, in this case the Arizona Court of Appeals expressly noted, "a TRO may not exceed ten days unless extended." *See Hillcrest Bank v. Superior Court of Arizona*, No. 1 CA-SA 10-0030 (Ariz.App. filed February 22, 2010); see also *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Divers Local No. 70 of Alameda County*, 415 U.S. 423, 94 S.Ct. 1113, 126-127 (1974) (Temporary restraining order expires within ten days of issuance, and cannot continue indefinitely).

## II. PLAINTIFFS' COUNT II FOR "INTENTIONAL INTERFERENCE WITH CONTRACT" FAILS TO STATE A CLAIM FOR RELIEF.

As established in Hillcrest Bank's Motion to Dismiss, Count II of Plaintiffs' First Amended Complaint, entitled "Intentional Interference with Contract," also fails to state a claim upon which relief can be granted either for Mr. and Mrs. Van Weelden or for the Trust. In their Response, Plaintiffs agree that the contract upon which their claim is based is the March 13, 2005 purchase agreement between the Trust and Quintero, whereby the Trust purchased the undeveloped Lot 40 of Founders Estates Three at the Quintero Golf & Country. However, contrary to *Arizona Laborers* and *Iqbal*, Plaintiffs fail to direct the Court to any allegations of fact in the First Amended Complaint that establish: (1) the *existence* of a contract between Plaintiffs Mr. and Mrs. Van Weelden, individually, and Quintero; (2) a *breach* of the Lot 40 purchase contract by Quintero; (3) any *interference* with the Lot 40

purchase contract by Hillcrest Bank; (4) interference that was *intentional*; (5) intentional interference that *caused* a breach of the Lot 40 purchase contract; (6) that Hillcrest Bank acted *wrongfully or improperly* to cause a breach of the Lot 40 purchase contract; or (7) *resultant damage* from a breach of the Lot 40 purchase contract. Furthermore, as demonstrated in the Motion to Dismiss, the allegations of the First Amended Complaint actually negate certain of these requisite elements.

### A. Mr. and Mrs. Van Weelden Are Not Parties To The Lot 40 Purchase Contract.

In their Response, Plaintiffs do not dispute that Mr. and Mrs. Van Weelden, individually, were not parties to the Lot 40 purchase contract between the Trust and Quintero. Consequently, Mr. and Mrs. Van Weelden, individually, cannot assert a claim for interference with the Lot 40 purchase contract that is separate from and independent of the claim they assert on behalf of the Trust. Thus, Mr. and Mrs. Van Weelden's duplicative claim for interference with contract, brought in their individual capacity, must be dismissed.

### B. Quintero Did Not Breach The Lot 40 Purchase Contract.

Pursuant to *Arizona Laborers*, a claimant must prove that the interferer caused a breach of the underlying contract. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 493, 38 P.3d 12, 31 (2002). **Here, however, the First Amended Complaint does not contain even a conclusory allegation that Quintero breached the purchase contract, nor does it contain any allegations of fact showing that the Lot 40 purchase contract was breached by Quintero.** The First Amended Complaint does not identify any provision of the Lot 40 purchase contract that was breached, nor does it otherwise describe how the Lot 40 purchase contract was breached. That is because the Lot 40 contract was not breached. To the contrary, the allegations of the First Amended Complaint establish that Quintero closed on the purchase contract on August 5, 2005. FAC, ¶¶ 53, 129. In the absence of a breach, Plaintiffs' claim for intentional interference with the Lot 40 purchase contract fails to state a claim upon which relief can be granted.

### C. The First Amended Complaint Does Not Allege Facts That The Bank Wrongfully And Intentionally Interfered And Caused A Breach Of The Lot 40 Purchase Contract.

The First Amended Complaint also is fatally deficient in that it does not contain <u>any</u> factual matter that Hillcrest Bank allegedly (1) *interfered* with the Trust's purchase agreement, (2) that any such interference was *intentional*, (3) that any such interference *caused a breach* of the purchase agreement, or (4) that the Bank's actions were *wrongful*. *See Arizona Laborers*, 38 P.3d at 31. In their Response, Plaintiffs devote only two sentences to these deficiencies. *See* Response, p. 8, ll. 3-7. Therein, Plaintiffs assert only that upon the developer's direction to cancel the letters of credit, Hillcrest Bank directed its third-party draw inspection service, PDG, to halt the project thereby severing Plaintiff's ability to develop or resell their land. *Id.* But, Plaintiffs do not explain how the foregoing would constitute intentional interference by Hillcrest Bank with the Lot 40 purchase contract. Nor do Plaintiffs explain how Hillcrest Bank's allegedly following Quintero's directive *caused* Quintero to *breach* the Lot 40 purchase agreement, <u>which had closed two years earlier in 2005</u>. Nor does First Amended Complaint show that Hillcrest Bank acted with malice against the Trust, or with some improper motive to cause Quintero to breach the purchase contract. Finally, PDG, as the third party company who merely inspected the property to determine the extent of construction completion before Hillcrest Bank approved Quintero's periodic draw requests, could not "halt the project." *See* FAC ¶ 46. Thus, Plaintiffs' assertion is not plausible. In sum, the Complaint lacks any allegations of fact that the Bank acted wrongfully, with the intent to cause, and actually caused Quintero to breach the purchase contract.

### D. The First Amended Complaint Does Not Allege Facts That The Bank Caused Damage From A Breach Of The Lot 40 Purchase Contract.

Finally, the First Amended Complaint does not allege any facts that would show that the Trust was damaged as a result of Quintero's breach of the Lot 40 purchase contract. In their Response, Plaintiffs assert only, "Allegation #132 states Plaintiffs have been damaged as a result of Hillcrest's improper actions." Response, p. 8, ll. 9-10. As instructed by *Iqbal*,

Plaintiffs' naked, formulaic recitation that the Trust was damaged is not sufficient to satisfy Rule 8 or survive Hillcrest Bank's Motion to Dismiss.

### III. PLAINTIFFS' RESPONSE IGNORES THE MATERIAL DEFICIENCIES OF COUNT III FOR "AIDING AND ABETTING MCCLUNG'S NEGLIGENCE."

Hillcrest Bank's Motion to Dismiss identified four grounds upon which Plaintiffs' Count III, entitled "Aiding and Abetting McClung's Negligence," is deficient: (1) McClung did not owe a fiduciary duty to Plaintiffs, (2) the First Amended Complaint does not allege facts of McClung's purported negligence, (3) the First Amended Complaint does not present facts that the Bank aided and abetted McClung in mismanaging Quintero, and (4) the First Amended Complaint lacks facial plausibility that the Bank aided and abetted McClung in breaching a fiduciary duty. Plaintiffs' Response fails to address these four deficiencies.

#### A. McClung Did Not Owe A Fiduciary Duty To Plaintiffs.

In their Response, Plaintiffs made *no* attempt to identify the legal basis of any duty owed to Plaintiffs by McClung to act as Plaintiffs' fiduciary or to non-negligently manage Quintero's corporate affairs. Plaintiffs also made *no* attempt to distinguish the legal authority and analysis provided by Hillcrest Bank in its Motion to Dismiss demonstrating the absence of any such duty owed by McClung to the Plaintiffs. In the absence of a legal duty, Plaintiffs' Count III for Aiding and Abetting McClung's Negligence fails to state a claim as a matter of law, and must be dismissed.

#### B. Plaintiffs Fail To Allege Well-Pleaded Allegations Of McClung's Negligence.

In its Motion to Dismiss, Hillcrest Bank pointed out that Plaintiffs' First Amended Complaint contains only conclusory assertions of the remaining elements of a negligence claim against McClung, i.e., McClung "fail[ed] to disclose pertinent information to Plaintiffs regarding their investments," "McClung, in his management and supervision of Quintero fell below the standard of care," "McClung's breaches resulted in Plaintiffs losing all of their investments," and "McClung's breaches were an actual and proximate cause of Plaintiffs' damages." FAC, ¶¶ 136, 138, 139, 140. These conclusory allegations simply recite the

elements of a negligence claim but do not provide any facts that would substantiate such a claim. The allegations do not provide facts identifying what, when, or how McClung allegedly mismanaged Quintero. The allegations also do not contain facts identifying what "pertinent information" McClung purportedly failed to disclose, when this occurred, or how such non-disclosure would constitute negligence.

In their Response, Plaintiffs do not point out facts alleged in the First Amended Complaint that would substantiate the necessary elements of a negligence claim. Rather, consistently with the conclusory allegations of the First Amended Complaint, Plaintiffs baldly assert, "McClung was negligent in his mismanagement of Quintero and Hillcrest Bank knew it." Response, p. 9, l. 2.

### C. Plaintiffs Fail To Allege Well-Pleaded Allegations Of The Bank "Aiding And Abetting."

In addition to failing to identify the "mismanagement" purportedly committed by McClung, Plaintiffs have not identified how Hillcrest Bank purportedly "aided and abetted" McClung in such undefined mismanagement. *See Iqbal*, 129 S.Ct at 1949. In their Response, Plaintiffs simply quote the conclusory allegations contained in paragraphs 141-146 of the First Amended Complaint. However, as explained in *Iqbal*, such conclusory allegations are not sufficient to state a valid claim for relief or to survive a motion to dismiss. *Id.*

### D. Plaintiffs' Bald Assertion that Hillcrest Bank Aided and Abetted McClung's Purported Negligence Lacks Facial Plausibility.

Finally, as explained in Hillcrest Bank's Motion to Dismiss, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In their Response, Plaintiffs entirely ignore this requirement.

In their Response, Plaintiffs do not offer any explanation or analysis giving plausibility to their bald assertion that Hillcrest Bank aided and abetted McClung in his undefined

mismanagement of Quintero. Thus, because the First Amended Complaint fails to contain facts showing "facial plausibility" as required by *Iqbal*, dismissal is warranted.

### IV. PLAINTIFFS' RESPONSE IGNORES THE MATERIAL DEFICIENCIES OF COUNT IV FOR "AIDING AND ABETTING MCCLUNG'S FRAUDULENT MISREPRESENTATION."

Hillcrest Bank's Motion to Dismiss identified four grounds upon which Plaintiffs' Count IV, entitled "Aiding and Abetting McClung's Fraudulent Misrepresentation," is deficient: (1) Plaintiffs failed to plead fraud with specificity as required by Rule 9, Fed R. Civ. P., (2) the First Amended Complaint does not present well-pleaded factual allegations of McClung's purported fraud as required by Rule 8, Fed. R. Civ. P., (3) the First Amended Complaint does not present well-pleaded facts that the Bank aided and abetted McClung in his undefined fraud, and (4) the First Amended Complaint lacks facial plausibility that the Bank aided and abetted McClung in committing the undefined fraud. Plaintiffs, in their Response, fail to address any of these four deficiencies, and simply block-quoted the conclusory allegations from the First Amended Complaint.

#### A. Plaintiffs Did Not Plead Fraud With Particularity, As Required By Rule 9.

In its Motion to Dismiss, Hillcrest Bank demonstrated that Plaintiffs failed to plead the circumstances constituting McClung's purported fraud with particularity, including the "who, what, when, where, and how" of the purported misconduct, as required by Rule 9(b), Fed. R. Civ. P. *Vess v. Ciba-Geigy Corp, USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation marks omitted); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir.2001). In their Response, Plaintiffs simply block-quoted paragraphs 147-160 of the First Amended Complaint and stated that such allegations are sufficient. However, as explained in the Motion to Dismiss, paragraphs 147-160 are only generic recitations of the elements of fraud, and do not allege the factual circumstances of any fraud as required by Rule 9.

Most glaringly absent from the First Amended Complaint is any identified fraudulent representation by McClung. Paragraph 147 alleges only that "McClung made material false representations to Plaintiffs regarding the repayment of monetary obligations." Plaintiffs do

{02329.003/00196219.DOC /}

8

not allege what the representation was, when it was made, or how it was false. Also absent are any facts showing materiality, McClung's knowledge of falsity, Plaintiffs' ignorance of the falsity, Plaintiffs' reasonable reliance on the statement, Plaintiffs' right to rely, and proximate damages. Plaintiffs' generic allegations of the elements of fraud, without stating the factual circumstances constituting fraud, are not sufficient to satisfy Rule 9(b) or to withstand Hillcrest Bank's Motion to Dismiss.

### B. Plaintiffs Fail To Allege Well-Pleaded Facts Of Fraud By McClung.

The First Amended Complaint's recitation of the elements of fraud also does not satisfy the requirements of Rule 8, Fed. R. Civ. P., which burdens a claimant to plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Iqbal*, 129 S.Ct at 1949.[1] By the same token, Plaintiffs' quotation of these same conclusory paragraphs in their Response (¶¶ 147-160 of the First Amended Complaint) is not sufficient to withstand Hillcrest Bank's Motion to Dismiss. *See Iqbal*, 129 S.Ct at 1949-1950 ("we are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, because Plaintiffs have failed to plead facts showing McClung's purported fraud, Plaintiffs' claim for aiding and abetting such non-existent fraud fails to state a claim for relief.

### C. Plaintiffs Also Fail To Allege Well-Pleaded Facts That Hillcrest Bank Aided and Abetted McClung's Unidentified Fraud.

In addition to failing to identify the "fraud" purportedly committed by McClung, Plaintiffs also have not identified how Hillcrest Bank purportedly "aided and abetted" McClung in committing such fraud. *See Iqbal*, 129 S.Ct at 1949. Plaintiffs' response lacks any explanation or analysis of the allegations of the First Amended Complaint to elaborate and clarify the basis of Plaintiffs' "aiding and abetting" claim. Rather, Plaintiffs simply block-quote the conclusory paragraphs 147-160 of the First Amended Complaint. Again, such threadbare recitals of the elements of a cause of action and conclusory statements are not sufficient to survive a motion to dismiss. *Id.* 129 S.Ct at 1949-1950.

---

[1] *See also In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994), *superseded by statute on other grounds,* (pleading burdens under Rules 8(a) and 9(b) are distinct).

{02329.003/00196219.DOC /}

9

### D. Plaintiffs' Assertion That Hillcrest Bank Aided and Abetted McClung's Purported Fraud Is Not Plausible.

Finally, Plaintiffs' Response is devoid of any attempt to demonstrate that their claim that Hillcrest Bank aided and abetted McClung in committing some undefined fraud is facially plausible. *Id.* 129 S.Ct at 1949.

## V. PLAINTIFFS' RESPONSE IGNORES THE MATERIAL DEFICIENCIES OF COUNT V FOR "CIVIL CONSPIRACY."

Count V of the First Amended Complaint for "Civil Conspiracy," consists of paragraph 162, which baldly alleges that corporate officers of Hillcrest "agreed with McClung to accomplish an unlawful purpose, as described above or to accomplish a lawful object by unlawful means, as described above." However, as Hillcrest Bank demonstrated in its Motion to Dismiss, this formulaic recital of the elements of a conspiracy claim is not sufficient to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct at 1949; *see also Arizona Laborers,* 201 Ariz. at 474, 499, 38 P.3d at 37 ("But a claim for civil conspiracy must include an actual agreement, proven by clear and convincing evidence, and although the Bank's conduct is suspicious, evidence of an agreed upon conspiratorial arrangement, on this record, cannot rise to the clear and convincing level."). Tellingly, Plaintiffs, in their Response, made no attempt to rebut the Bank's analysis of *Iqbal*, *Twombly*, or *Arizona Laborers.*

Rather, in their Response, Plaintiffs assert that "The FAC is replete with allegations identifying the culpable individuals at Hillcrest Bank, the unlawful purposes or the unlawful object by unlawful means by which those individuals acted and the damages they caused." Response, p. 12. However, Plaintiffs do not identify even one specific allegation that describes any agreement, any unlawful purpose, or any unlawful object by unlawful means. Rather, Plaintiffs just quote ¶¶ 6-21, and 23-34 and leave it to the Court and Hillcrest Bank to attempt to find an agreement, an unlawful purpose or an unlawful object by unlawful means. However, Hillcrest Bank already has scoured these allegations and they do not contain any facts satisfying any of the foregoing required elements.

{02329.003/00196219.DOC /}

10

## VI. PLAINTIFFS' DEFICIENT FIRST AMENDED COMPLAINT WARRANTS DISMISSAL WITH PREJUDICE.

In its Motion to Dismiss, Hillcrest Bank provided analysis and argument why Plaintiffs' First Amended Complaint should be dismissed with prejudice, including the fact that Plaintiffs already have amended their Complaint once and the futility of further amendments. In their Response, Plaintiffs do not dispute this. Nor did Plaintiffs seek leave to amend, either outright or in the alternative upon the granting of Hillcrest Bank's Motion to Dismiss. Accordingly, Hillcrest Bank reasserts its request that dismissal of Plaintiffs' First Amended Complaint be with prejudice, and without leave for yet a third version of the Complaint.

## VII. CONCLUSION AND RELIEF REQUESTED.

Plaintiffs made loans to Quintero years before Hillcrest Bank provided its financing to Quintero. However, because Quintero is defunct and McClung is in bankruptcy, Plaintiffs now seek to recharacterize their breach of guaranty claims against McClung as tort claims in which Hillcrest Bank aided and abetted and conspired. Not surprisingly, Plaintiffs' First Amended Complaint does not to allege "sufficient factual matter, accepted as true, to state a claim to relief [against Hillcrest Bank] that is plausible on its face.

Hillcrest Bank detailed the deficiencies of Plaintiffs' First Amended Complaint in its Motion to Dismiss, and Plaintiffs made little or no attempt to address those deficiencies in their Response. Plaintiffs' conclusory recitations of the elements of their various claims for relief are not sufficient to satisfy the pleading requirements of Rules 8 and 9 as elaborated in *Iqbal* and the other extensive authority cited by Hillcrest Bank. Furthermore, Plaintiffs have not sought leave to file yet a third iteration of the complaint, nor is this Court obligated to allow Plaintiffs to file serial complaints, particularly where, as here, such additional amendments would be futile. Thus, Hillcrest Bank respectfully requests that Plaintiffs' First Amended Complaint be dismissed with prejudice.

**DATED** this 12th day of October 2010.

                    **ENGELMAN BERGER, P.C.**

By */s/ Kevin M. Judiscak*
    Kevin M. Judiscak
    Scott W. Hulbert
    3636 North Central Avenue, Suite 700
    Phoenix, Arizona 85012
    Attorneys for Hillcrest Bank

I hereby certify that on this 12th day of October, 2010, I electronically transmitted the attached Document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

J. Jeffrey Coughlin
J. Jeffrey Coughlin PLLC
114 S. Pleasant Street
Prescott, AZ 86303
j.coughlin@azbar.org
Attorneys for Plaintiffs

    */s/Christine M. Coito*

{02329.003/00196219.DOC /}

12